UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Walter D. Bristol, # 102127 <br> *aka Walter Bristol* <br>                     Plaintiff, <br><br> vs. <br><br> Kirkland Correctional Institution, <br>                     Defendant. | ) C/A No. 8:09-43-TLW-BHH <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) |

      This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated within the South Carolina Department of Corrections (SCDC) prison system, serving an apparently disputed sentence entered in 1980 by the Court of General Sessions in Spartanburg County following Plaintiff's conviction of murder following a jury trial. According to Plaintiff, he was given a 20-year mandatory sentence and, therefore, should have been released from prison in 2000. However, according to Plaintiff's allegations, in 2000 certain classification workers at Perry Correctional Institution placed a "life sentence" as his sentence in SCDC inmate records. He claims that he tried to get them to "correct" his records, but that they are still showing that he was sentenced to "life" in prison. He asks this Court to award him compensatory damages from undisclosed Defendants for each day he has allegedly been incarcerated over his proper max-out date.

      Plaintiff does not name any defendant in the caption of his Complaint (Entry 1), nor does he name any defendant on page 2 of the Complaint in the space specifically provided for the names and addresses of defendants. He does list "Kirkland Correctional Institution" as his current

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

place of confinement and, accordingly, since the Court needs to have a defendant's name in order to open a civil case, "Kirkland Correctional Institution" was used in the docketing process as the sole Defendant in this case. Plaintiff refers to three persons allegedly involved in the recording of his sentence in SCDC records within the body of the Complaint (Paul Moore, Spartanburg County judge; Susan Sutton, SCDC Classification worker at Perry CI, and Lindsay Jones); however, since their names and addresses are not written in the appropriate places for naming defendants on the prisoner complaint form used by Plaintiff, those persons were not made defendants in the docketing process of this case.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary

dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Furthermore, even if the Court had docketed the names of those persons named by

---

[2] Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

Plaintiff within the body of his pleading as defendants in this case, Plaintiff's Complaint would still be subject to summary dismissal as to those persons based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997).  With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[3] the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction *or sentence* invalid, . . . a § 1983 plaintiff must prove that the conviction *or sentence* has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction *or sentence* that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction *or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction *or sentence* has already been invalidated.

*Heck*, 512 U.S. at 486-87(emphasis added).

By the above statements, the United States Supreme Court ruled that until a disputed criminal sentence is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.  *Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases, *Wallace v. Kato*, 549 U.S. 384 (2007).  The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction or sentence is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

taking appropriate steps to have a conviction or sentence overturned. *See Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. at 1097-98; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). However, since this case involves an already completed criminal trial and sentencing and complaints about how the sentence was entered and recorded, *Wallace* is inapplicable and *Heck* controls.

There is nothing in the Complaint or elsewhere to indicate that Plaintiff pursued his claim of improper sentence through the required state-court appeal/post-conviction relief (PCR) process. It is, therefore, clear that since Plaintiff has not been successful in having his disputed sentence set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate the "life sentence" he claims to be currently serving, he cannot sue any of the persons named within the body of the Complaint because of their involvement in his sentencing and in his sentence's recording. *See Johnson v. Freeburn*, 29 Fed.Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought). As a result, this case is subject to summary dismissal as to any person named in the pleading without issuance of service of process.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases

to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

                                                s/Bruce Howe Hendricks  
                                                United States Magistrate Judge

January 26, 2009  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).